Filed 4/28/22  Conservatorship of R.B. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| Conservatorship of the Person of R.B., | |
| PUBLIC GUARDIAN OF CONTRA COSTA COUNTY,<br><br>        Petitioner and Respondent,<br><br>v.<br><br>R.B.,<br><br>        Objector and Appellant. | A161512<br><br>(Contra Costa County<br>Super. Ct. No. P1701134) |

R.B. appeals a trial court order establishing a one-year conservatorship over his person under the Lanterman-Petris-Short Act ("LPS Act") (Welf. & Inst. Code, §§ 5000 et seq.) and imposing special disabilities.  While this appeal was pending, the one-year conservatorship challenged by R.B. expired.  We dismiss the appeal as moot.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Public Guardian of Contra Costa County ("Public Guardian") was first appointed conservator of R.B. for a one-year period commencing August 30, 2017.  In 2018, the Public Guardian successfully petitioned to reestablish the conservatorship for an additional one-year period.  In 2019,

the conservatorship was again extended for an additional year following another successful reappointment petition by the Public Guardian.

In August 2020, the Public Guardian again sought to extend the conservatorship and filed the petition for reappointment of a conservator for R.B. at issue in this appeal. In the petition, the Public Guardian alleged that R.B. remained gravely disabled due to a mental disorder and unwilling to accept or incapable of accepting treatment voluntarily. R.B. objected.

A court trial on the petition took place through video conferencing in November 2020. At the outset of the session, R.B.'s counsel asked the court to address the jury waiver issue with R.B. Asked by the court whether he knew he had the right to a jury trial, R.B. responded, "Yes." The court then explained, "What is being proposed is that you waive that right and you allow me, the judge, to hear your trial and not a jury. Do you understand that, sir?" After R.B. stated he understood, the court asked whether he agreed to have a judge not a jury hear his case. R.B. responded, "Yes." His counsel joined and concurred in the jury waiver. The court found R.B. knowingly, intelligently, and voluntarily waived his right to a jury trial and proceeded to conduct a court trial on the pending petition. During the trial, the Public Guardian presented the testimony of R.B.'s mother and expert psychiatrist Michael Levin. R.B. testified in opposition to the reappointment petition.

At the conclusion of the court trial, the court approved the conservator reappointment. It found R.B. gravely disabled beyond a reasonable doubt and, because of a mental disorder, unable to provide for his food, clothing, or shelter. The court further ordered that the disabilities requested in the petition for reappointment be imposed. Accordingly, the court disabled R.B.'s ability to exercise the following: (1) the right to refuse or consent to treatment specifically related to his grave disability, including psychotropic

2

medication; (2) the privilege of possessing a license to operate a motor vehicle; and (3) the right to possess a firearm or other deadly weapon. The court's order set the conservatorship appointment for a one-year period commencing on August 30, 2020. R.B. appealed the order.

On March 23, 2022, while the appeal was pending, counsel for the Public Guardian informed us by letter as follows: On July 21, 2021, before briefing on this appeal had commenced, the Public Guardian filed a petition for the reappointment of a conservator for R.B. On November 19, 2021, the court held a jury trial on the petition and subsequently declared a mistrial due to the jury being in a 7 to 5 deadlock. In a subsequent jury trial held on February 25, 2022, the jury found Petitioner gravely disabled due to a mental disorder, and R.B. appealed that decision on February 28, 2022.[1]

### DISCUSSION

Under the LPS Act, "[a] conservator of the person . . . may be appointed for a person who is gravely disabled as a result of a mental health disorder...." (Welf. & Inst. Code, § 5350.) A person is considered " 'gravely disabled' " when he or she, "as a result of a mental health disorder, is unable to provide for his or her basic personal needs for food, clothing, or shelter." (*Id.*, § 5008, subd. (h)(1)(A).) The court may appoint a conservator to provide individualized treatment, supervision, and placement to someone who is gravely disabled. (*Id.*, § 5350.1.) Such conservatorship automatically expires

---

[1]     Under Evidence Code sections 452, subdivision (d) and 459, subdivision (a), we grant Public Guardian's unopposed request for judicial notice and also judicially notice the additional exhibits attached to its March 23, 2022 letter. Collectively, these documents consist of the Public Guardian's July 2021 reappointment petition and the court's subsequent minute orders related to this petition. (See also *In re Karen G.* (2004) 121 Cal.App.4th 1384, 1390 [appellate court has the authority to consider "subsequent proceedings ... and find the appeal has been rendered moot"].)

after one year.  (*Id.*, § 5361.)  The conservator may petition to reestablish the conservatorship for additional one-year periods before the expiration of each one-year term.  (*Id.*, §§ 5361, 5362.)

R.B. contends the order approving the conservatorship that commenced in August 2020 must be reversed on two bases: (1) he was not adequately advised of his right to a jury trial and therefore did not knowingly and intelligently waive that right; and (2) substantial evidence did not support imposing involuntary medication as a disability of the conservatorship.  The Public Guardian contends R.B.'s appeal is now moot.  Agreeing with the Public Guardian, we dismiss the appeal.

As a general rule, it is a court's duty to decide " ' "actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.)  "A case is considered moot when 'the question addressed was at one time a live issue in the case,' but has been deprived of life 'because of events occurring after the judicial process was initiated.' " (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574.)  When, during the pendency of a LPS conservatorship appeal, through no fault of the proposed conservator, an event occurs such that the appellate court cannot grant any effectual relief, the appeal becomes moot and should ordinarily be dismissed.  (*Conservatorship of J.Y.* (2020) 49 Cal.App.5th 220, 223, 225, review granted Aug. 19, 2020, S263044.)  "The pivotal question in determining if a case is moot is therefore whether the court can grant the plaintiff any effectual relief." (*Wilson & Wilson v. City Council of Redwood City, supra*, 191 Cal.App.4th at p. 1574.)

4

The conservatorship order which R.B. appeals and seeks to reverse commenced for a one-year period beginning August 30, 2020, and thus expired on August 29, 2021. A new reappointment petition has since been filed and considered in a trial before a jury, which found R.B. to be gravely disabled. The reappointment order challenged in this appeal therefore has no remaining force and effect and its reversal would have no effect on the more recent reappointment order, which R.B. has separately appealed. Since this appeal cannot provide R.B. with effective relief, it is moot.

R.B acknowledges the challenged conservatorship has expired and his appeal is "technically moot" but urges us to exercise our discretion to consider the merits of his appeal. We recognize that because of the brief duration of LPS conservatorships, it is not uncommon for appellate courts to exercise their discretion to decide a case notwithstanding the fact that subsequent procedural events may have rendered the case moot. (See *In re Conservatorship of George H.* (2008) 169 Cal.App.4th 157, 161, fn. 2.) Indeed, there are discretionary exceptions to the rule against adjudicating moot claims. (See *In re David B.* (2017) 12 Cal.App.5th 633, 644 (*David B.*) ["A court ordinarily will dismiss an appeal when it cannot grant effective relief, but may instead 'exercise its inherent discretion to resolve an issue when [1] there remain "material questions for the court's determination" [citation], [2] where a "pending case poses an issue of broad public interest that is likely to recur" [citation], or [3] where "there is a likelihood of recurrence of the controversy between the same parties or others." ' "].) None of these reasons apply to R.B.'s present appeal.

R.B.'s first argument on appeal is that his right to a jury trial was not knowingly and intelligently waived under the totality of the circumstances. He contends the "question of what advisement a court must give in taking a

5

jury trial waiver in an LPS conservatorship case is an issue of general interest, affecting substantial rights of conservatees, is likely to recur in numerous LPS trials, and likely to evade review if [this] Court does not exercise its discretion and consider the issue." We are not persuaded. After R.B. filed his opening brief, the Sixth District Court of Appeal addressed in a published case the issue of what advisements a court must give in taking a jury trial waiver in an LPS trial. (See *Conservatorship of C.O.* (2021) 71 Cal.App.5th 894, 908–919 (*C.O.*) [trial court's failure to personally advise proposed conservatee of right to a jury trial was statutory error, but error was harmless; and court's acceptance of counsel's waiver of jury trial right did not violate proposed conservatee's rights].) Further, one month after *C.O.* was decided, the Second District Court of Appeal also addressed in a published case the issue of proper advisements for a knowing and intelligent jury trial waiver. (See *Conservatorship of Joanne R.* (2021) 72 Cal.App.5th 1009, 1016–1018 (*Joanne R.*) [trial court's failure to advise that proposed conservatee, through her counsel, had the right to participate in jury selection did not invalidate her jury waiver given the other advisements that informed her of " 'the essence of the jury trial right' "].)[2] *C.O.* and *Joanne R.* belie R.B.'s suggestion that the advisement issue he presents is likely to evade review.

---

[2]    In his reply brief, R.B. asserts that *C.O.* did not address the issues he raises on appeal, namely, what is an adequate advisement of the right to jury trial right and whether he made an intelligent waiver of that right given his minimal advisements. Even if correct, R.B. makes no contention that *Joanne R.* failed to address the issues he raises on appeal and expressly asks that we "adopt the position" of the *Joanne R.* court. This is further indication that R.B.'s jury trial waiver issue has not escaped appellate review and grounds to not exercise a discretionary exception to the rule against adjudicating moot claims.

R.B.'s second argument is that the evidence was not sufficient to support the court's ruling on disabilities. He contends this issue will also escape review and "if the evidence was insufficient . . . then the disability is liable to be improperly imposed again, unless the issue is clarified through an opinion of this Court." Again, we are not persuaded. Whether there was substantial evidence to support the court's disabling order is a fact-intensive inquiry into R.B.s mental health status, not a matter of widespread interest. As such, it does not fall into the exception to the mootness doctrine for matters of broad public interest that elude review. (See *David B.*, *supra*, 12 Cal.App.5th at p. 644.) Also, our resolution of the issue would have no effect on, or particular precedential value for, future LPS proceedings concerning R.B. or any other conservatee. Even if the Public Guardian requests the same disability be imposed on R.B. in a subsequent reappointment petition, the Public Guardian will be required to prove grave disability anew. (Welf. & Inst. Code, § 5361.) Each future case will have its own record to review, and our review of the sufficiency of the evidence now for a trial that occurred in November 2020 would have no bearing on the imposition of any disabilities in the future.

For these reasons, we are satisfied this appeal presents no occasion to depart from our general practice of addressing only cases in which we may grant effective relief.

## DISPOSITION

The appeal is dismissed as moot.

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Fujisaki, J.

*A161512*